## Church v. Thomson.

Working unsealed leather into saddles and harness, is held, by three judges against two, not to be within the statute, regulating tanners.

Information *qui tam*, on the statute for working unsealed leather.   By the statute, it is enacted, " That no person or persons whatsoever shall cause or suffer any leather by him or them tanned, to be wrought up by any shoemaker, employed either by himself, or by any other person or persons for him; nor shall he work up the same himself, before such leather be viewed and sealed, as aforesaid, on penalty of forfeiting the sum of £5 for every hide or skin so as aforesaid by him or them wrought, caused or suffered to be wrought up, before sealing as aforesaid."

The defendant was a tanner, and had worked unsealed leather into saddles and harness:   It was not clearly proved that he had worked any into shoes, though the circumstances rendered it very probable.

The jury found a verdict for the plaintiff, on which the court delivered the following opinions:

LAW, C. J., SHERMAN and ELLSWORTH, JJ., supposed that clause of the statute to have reference to shoes and boots only; and that it could not be extended beyond the letter, so as to include saddles and harness; it being a penal statute, ought to be construed strictly, otherwise it might operate as a snare to mankind.

DYER and PITKIN, JJ., said they considered the law to be everywhere pointedly against manufacturing or vending bad leather: That the great object of the statute is to prevent that public injury. The working of bad leather into saddles and other wares, is as expressly within the mischief the law intended to prevent, as the working of it into shoes; therefore within the spirit and meaning. *Nam qui haeret in litera, haeret in cortice.*